missible factors. *See* § 3553(a)(1), (2)(B), (2)(C); *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

A revocation sentence is substantively unreasonable if the district court did not take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *Warren*, 720 F.3d at 332. Flores has not shown that the court gave significant weight to the improper factors of the seriousness of the violation or the need for just punishment. *See id.* His 24-month sentence, which does not exceed the statutory maximum, is substantively reasonable. *See id.* at 326, 332; *Whitelaw*, 580 F.3d at 259, 265.

We review de novo Flores's argument that the supervised release portion of his revocation sentence exceeds the statutory maximum. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). When a defendant's supervised release is revoked and the district court sentences the defendant to a term of imprisonment followed by a term of supervised release, the term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less than any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). The Government agrees that a sentencing court must aggregate the imprisonment term with the supervised release term; however, it challenges Flores's contention that the maximum term of supervised release available for the aggregate term was three years. The Government's argument has merit. In *United States v. Jackson*, 559 F.3d 368, 370, 372 (5th Cir. 2009), this court held that following the amendment of 21 U.S.C. § 841(b)(1)(C) in 2002, the "general maxi-

mums of § 3583(b) do not apply to revocation sentencing when the original offense was a conviction under § 841(b)(1)(C)." Flores concedes that his argument is foreclosed by *Jackson*.

Accordingly, the judgment of the district court is AFFIRMED.

**Derrick CONRAD, Plaintiff-Appellant**

v.

**Wayne KRC, Longview Public Works; Courtney Brady, Longview Police Department; Danny Stroud, Longview Police Department; Pete Fasenello, Longview Police Department; Gregg Mascasland, Longview Police Department; The City of Longview, Texas, Defendants-Appellees**

No. 16-41039
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed March 2, 2017

Derrick Conrad, Pro Se

Darren Keith Coleman, Esq., Boon, Shaver, Echols, Coleman & Goolsby, P.L.C., Longview, TX, for Defendants-Appellees

Before JONES, WIENER, and CLEMENT, Circuit Judges

PER CURIAM: *

AFFIRMED. See Rule 47.6.

**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Jose Guadalupe VEGA-ZAPATA, also**
**known as Ricardo Gonzalez, also**
**known as Victor Guadalupe Medina,**
**Defendant-Appellant**

**No. 16-41219**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed March 2, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Scott Andrew Martin, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM: *

Jose Guadalupe Vega-Zapata pleaded guilty to illegal reentry and was sentenced to a 36-month term of imprisonment. On appeal, Vega-Zapata renews his challenge to application of the eight-level aggravated felony enhancement of U.S.S.G. § 2L1.2(b)(1)(C). The gravamen of his argument is that, in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the definition of a crime of violence (COV) in 18 U.S.C, § 16(b) is unconstitutionally vague on its face. Therefore, he contends, neither his prior Texas conviction for evading arrest with a motor vehicle nor his prior Texas conviction for assault of a public servant is a COV under § 16(b), and thus neither prior conviction is an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(F) and § 2L1.2(b)(1)(C).

As Vega-Zapata concedes, his argument is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-77 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), in which we rejected a constitutional challenge to § 16(b) as facially vague. Accordingly, Vega-Zapata's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.